Everett M. CLEATON,
Plaintiff-Appellant,

v.

SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.

Milton L. GWALTNEY,
Plaintiff-Appellant,

v.

SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.

Henry V. TAYLOR, Plaintiff-Appellant,

v.

SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.

Nos. 86–1581, 86–1591 and 86–3054.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 12, 1986.

Decided April 2, 1987.

Rehearing Denied May 27, 1987.

Charles Henry Cuthbert, Jr., Petersburg, Va., on brief, for appellants.

Deborah Fitzgerald, Asst. Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Asst. Regional Counsel, Philadelphia, Pa., Henry E. Hudson, U.S. Atty., Alexandria, Va., Debra J. Prillaman, Asst. U.S. Atty., G. Wingate Grant, Asst. U.S. Atty., Richmond, Va., on brief), for appellee.

Before WIDENER and SPROUSE, Circuit Judges, and BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.

SPROUSE, Circuit Judge:

Everett M. Cleaton, Milton L. Gwaltney and Henry V. Taylor each appeals the district court's holding that due to administrative *res judicata* it lacked jurisdiction to review the merits of his claim against the Secretary of Health and Human Services for social security disability benefits.[1] We consider each case separately and affirm the holdings in Gwaltney's and Taylor's

cases, but reverse the dismissal of Cleaton's claim.

## Cleaton

On July 7, 1980, Cleaton applied for Title II benefits[2] claiming disability beginning in June 1979 due to a pinched nerve in his back. The Secretary denied the claim on initial determination on October 29, 1980, and Cleaton did not request reconsideration. On April 2, 1984, Cleaton requested the 1980 determination be reopened.[3] The Secretary denied this request by letter on April 10, 1984. Cleaton requested reconsideration and the Secretary again denied his claim on April 26, 1984. Cleaton then filed a request for a hearing. The Administrative Law Judge (ALJ) considered additional evidence, but dismissed the request for a hearing on two grounds. First, he denied the request because the 1980 claim was *res judicata*[4] as to any disability up to October 29, 1980 (the date of the final determination on the claim). Second, "there [was] no new and material evidence to alter the denial determination at any time through June 30, 1982, the date the claimant was last insured." The Appeals Council denied Cleaton's request for review, and he then instituted suit in the district court. The district court adopted the magistrate's proposed opinion, which recommended dismissal for lack of subject matter jurisdiction, citing 42 U.S.C. § 405(g)[5] and *Califano v.*

---

1. The three cases were decided separately in the United States District Court for the Eastern District of Virginia and were consolidated on appeal.

2. 42 U.S.C. § 423 (1986).

3. 20 C.F.R. § 404.988 (1986) provides:
 A determination, revised determination, decision, or revised decision may be reopened—
 (a) Within 12 months of the date of the notice of the initial determination, for any reason;
 (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; or
 (c) At any time if [one of eleven conditions is met].
 Good cause for reopening exists if new and material evidence is furnished, a clerical error is proven, or error on the face of the determination can be shown from the evidence. 20 C.F.R. § 404.989 (1986).

4. 20 C.F.R. § 404.957(c)(1) (1986) provides for dismissal of a request for a hearing before an administrative law judge on the grounds that:
 The doctrine of *res judicata* applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action.

5. 42 U.S.C. § 405(g) provides in pertinent part:
 Any individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

*Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

■ On appeal, Cleaton contends that dismissal of his complaint was error because *res judicata* was applied improperly at the administrative level. He argues that the doctrine was inapplicable because he presented new and material evidence with his request for reopening that might have resulted in a different result. *Leviner v. Richardson,* 443 F.2d 1338, 1343 (4th Cir. 1971); *accord Harrah v. Richardson,* 446 F.2d 1, 2 (4th Cir.1971). He also asserts that his claims were for different periods of disability and involved different issues. *See Teague v. Califano,* 560 F.2d 615 (4th Cir.1977), *overruled on other grounds, Hyatt v. Heckler,* 807 F.2d 376 (4th Cir. 1986); *Peoples v. Richardson,* 455 F.2d 924 (4th Cir.1972); *Gross v. Schweiker,* 577 F.Supp. 887, 889 (M.D.Ga.1984). Cleaton finally argues that administrative *res judicata* does not bar judicial review because the Secretary reopened the determination by considering the merits of his initial claim in denying the request to reopen. *See McGowen v. Harris,* 666 F.2d 60 (4th Cir.1981). We agree that the Secretary reopened Cleaton's determination by considering it on its merits. It is, therefore, unnecessary to address his other contentions.

In *McGowen,* we recognized, of course, the power of the Secretary established by 42 U.S.C. §§ 405(g) and (h) to deny social security claims based on the application of administrative *res judicata. Id.* at 65. We also noted that under *Sanders,* the district court ordinarily lacks jurisdiction under § 405(g) to review decisions by the Secretary not to reopen a claim. We held, among other things, however, that:

> even though the subsequent claim be the same claim for res judicata purposes, if it has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion.... In that event a final decision of the Secretary denying the claim is also subject to judicial review to the ex-

tent of the reopening, without regard to the expressed basis for the Secretary's denial.

*Id.* at 65–66 [citations omitted].

In response to Cleaton's April 2, 1984, request that the 1980 determination be reopened, the Secretary, in purporting to refuse reopening, stated:

> We have determined that you are not entitled to disability insurance benefits because you do not meet the disability requirement of the law. In reaching this decision we considered how much your condition has affected your ability to work. After carefully studying your records, including the medical evidence and your statements, and considering your age, education, training, and experience, it has been determined that your condition is not disabling within the meaning of the law.

In responding to Cleaton's request for reconsideration, the Secretary, again purporting to refuse to reopen, stated:

> Upon receipt of your request for reconsideration we had your claim independently reviewed by a physician and disability examiner in the State agency which works with us in making disability determinations. The evidence in your case has been thoroughly evaluated; this includes the medical evidence and the additional information received since the original decision. We find that the previous determination denying your claim was proper under the law. The reverse of this notice identifies the legal requirements for your type of claim.

The ALJ, in ruling against Cleaton on his request for reopening, denied it because Cleaton failed to present new or material evidence that established good cause to reopen and also because of administrative *res judicata.* He examined all of the evidence allegedly constituting new and material evidence, but did not discuss the Secretary's consideration of Cleaton's claim on the merits in ruling on the requests to reopen.

Since the Secretary's treatment of Cleaton's April 2 request for reopening and subsequent request for reconsideration fits squarely into the pattern of reopening an

otherwise final determination on its merits, we reverse the district court's dismissal of Cleaton's appeal and remand with instructions to review the Secretary's denial of Cleaton's application. *McGowen,* 666 F.2d at 65.

*Gwaltney*

■ Milton L. Gwaltney filed for Title II benefits on June 18, 1979, claiming disability beginning on January 13, 1978, due to back injuries sustained in a car accident. The Secretary denied the claim initially on August 23, 1979 and also upon reconsideration. Following a hearing, the ALJ denied Gwaltney's application for benefits and the Appeals Council denied his request for review. Gwaltney appealed the determination to the district court, which remanded the case to the ALJ for a *de novo* hearing. On remand, the ALJ considered additional medical evidence indicating Gwaltney suffered from high blood pressure, gout, an enlarged liver, and a back injury and on January 27, 1982, again denied benefits.[6] The Appeals Council determined the denial of benefits was correct and the district court affirmed the determination on November 1, 1982. Gwaltney did not appeal.

On July 3, 1984, Gwaltney filed a second claim for Title II benefits, alleging disability from January 13, 1978, due to high blood pressure, gout, an enlarged liver, and a back injury. The Secretary denied the claim by letter dated July 17, 1984, because Gwaltney had not established he was disabled prior to the time his insured status expired—December 31, 1979. Gwaltney requested reconsideration and the Secretary again denied his claim on September 21, 1984, based on *res judicata* of the first application in 1979. Gwaltney filed a request for a hearing, which was dismissed on July 31, 1985, on the basis of *res judicata*. The Appeals Council denied Gwaltney's request for review and Gwaltney then filed a complaint in district court. The court determined that *res judicata* was properly applied because the 1978 and 1984 claims were the same and dismissed the complaint for lack of subject matter jurisdiction.

On appeal, Gwaltney argues that the Secretary improperly applied *res judicata* because he presented new and material evidence with his second application and because he alleged different disabling conditions in his second application. A review of the record, however, reveals that Gwaltney presented no new and material evidence that might afford him relief under *Leviner* and *Harrah.* It is also clear that the disabling conditions alleged in the second application were essentially the same as those presented in the proceedings that followed his initial application in 1978. *Compare Purter v. Heckler,* 771 F.2d 682 (3d Cir. 1985). We, therefore, disagree with his contentions, agree with the district court that *res judicata* was properly applied and affirm the dismissal of Gwaltney's action. *McGowen,* 666 F.2d at 65.

*Taylor*

Henry V. Taylor filed for Title II benefits on December 17, 1979, claiming disability beginning June 16, 1979 due to a dislocated left elbow suffered in a car accident. In early 1980, the Secretary denied the claim initially. Following a hearing, the ALJ issued his decision denying the claim on October 24, 1980 and Taylor did not file an appeal.

On July 2, 1981, Taylor filed a second claim, again alleging disability beginning June 16, 1979, due to pain in his left arm resulting from a car accident. On July 21, 1981, the Secretary denied the claim. On October 9, 1981, the Secretary denied Taylor's request for reconsideration and he did not appeal.

On February 9, 1982, Taylor filed his third claim, again alleging disability beginning June 16, 1979, due to an injured left arm. The Secretary denied the claim by letter dated June 8, 1982. Taylor request-

---

6. Although Gwaltney has been denied Title II benefits, he applied for and received Supplemental Security Income benefits, 42 U.S.C. § 1381 *et seq.,* because his mental retardation and chronic brain syndrome met Listings 12.02 and 12.05 B. 20 C.F.R. § 416.925 (1986); 20 C.F.R. Part 404, Subpt. P, App. 1 (1986).

ed reconsideration and on September 16, 1982, the Secretary again denied his claim. After a hearing, the ALJ found that Taylor was capable of sedentary work and that his skills were transferable. The ALJ therefore applied Grid Rules 201.03 and 201.11 of Table No. 1 and denied the claim. 20 C.F.R. Part 404, Subpt. P, App. 2 (1986). The Appeals Council adopted the ALJ's decision and denied Taylor's request for review on July 5, 1983.

Taylor then obtained counsel and filed a complaint in district court. The court granted Taylor's motion for remand to the ALJ with instructions to consider a vocational expert's report. On remand, the ALJ expressly reopened the October 24, 1980, determination of the claim filed in 1979. The ALJ again found that Taylor was capable of sedentary work at most, but found his skills to be nontransferable and awarded disability benefits beginning June 16, 1979. The Appeals Council refused to adopt the ALJ's decision and instead found that Taylor could perform light work. It therefore applied Grid Rules 202.02 and 202.11 of Table No. 2 and concluded that Taylor was not disabled until January 30, 1982, when he reached age 55. *Id.*

 On appeal, the district court held that the Secretary was bound by the ALJ's finding that Taylor was capable of sedentary work at most since the Appeals Council had adopted that finding on its initial review. The district court also held, and we agree, that the ALJ was not authorized on remand to reopen the 1979 claim, but could only consider whether the vocational expert's report altered the determination on Taylor's third application for benefits. The court therefore determined that Taylor was entitled to disability benefits as of October 9, 1981 (the date of the final determination on the second application),[7] not June 16, 1979. The district court further declined to review the two previous claims due to administrative *res judicata* because Taylor had failed to exhaust his administrative remedies.[8]

 On appeal, Taylor contends only that the district court erred in applying administrative *res judicata* to bar judicial review of his first two claims and consequently deny benefits prior to the final determination on his second claim. He argues first that he presented new and material evidence with his third claim that might have resulted in different determinations of his first two claims and *res judicata* was, therefore, inapplicable. Taylor further argues that *res judicata* does not bar judicial review of the denials because the Secretary considered the merits of the first two claims and consequently reopened the claims. A review of the record, however, reveals that Taylor presented no new and material evidence that might afford him relief under *Leviner*. It is also clear that the Secretary did not consider the merits of Taylor's previous claims in denying the third application.[9] *See McGowen*, 666 F.2d at 65. Taylor inexcusably failed to exhaust the available administrative remedies in his first two applications. We therefore agree with the district court that administrative *res judicata* precludes benefits based on those applications and affirm the district

---

7. The onset date should have been October 10, the day after the date of final determination in the previous application.

8. The provision of § 405(g) establishing a sixty day period for filing an appeal to the district court is not jurisdictional. *Bowen v. City of New York*, 106 S.Ct. 2022 (1986). *See also Hyatt v. Heckler*, 807 F.2d 376 (4th Cir.1986), *overruling, Teague v. Califano*, 560 F.2d 615, 618 (4th Cir.1977). Instead, it acts as a statute of limitations, which can be tolled under the appropriate circumstances. Similarly, failure to exhaust administrative remedies may be excused if the claims sought to be litigated are collateral to any claim for benefits and irreparable harm would result if exhaustion were required. *Mathews v.*

*Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). *See also Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Neither of those considerations is present in this case, however, and there is no reason to waive Taylor's failure to exhaust the available administrative remedies in his first two applications or to toll the sixty-day period for filing an appeal.

9. The ALJ exceeded the scope of the instructions on remand when he purportedly reopened Taylor's first application. The action, therefore, has no effect on the question of whether the Secretary considered the merits of the first two claims. *Stamper v. Baskerville*, 724 F.2d 1106 (4th Cir.1984).

court's denial of benefits prior to October 9, 1981.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.