Ronald P. GIRARD

v.

Shirley S. CHATER, Commissioner
of Social Security.

C.A. No. 94–0492–T.

United States District Court,
D. Rhode Island.

March 6, 1996.

David B. Green, Providence, RI, for Plaintiff.

Anthony G. Digiola, Asst. U.S. Attorney, Office of United States Attorney, Providence, RI, for Defendant.

### MEMORANDUM AND ORDER

TORRES, District Judge.

The Commissioner of Social Security has objected to a Magistrate Judge's recommendation that Ronald P. Girard's appeal from the denial of his application for disability insurance benefits under 42 U.S.C. §§ 416(i), 423, be remanded to the Commissioner. For the reasons stated below, the Court rejects that Recommendation and remands the matter to the Magistrate Judge for further consideration.

### Facts

Most of the pertinent facts underlying this claim are recited in the Magistrate Judge's Report and Recommendation and are undisputed. On March 21, 1990, Girard filed concurrent applications for disability insurance benefits and supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act, respectively. 42 U.S.C. §§ 401–433; 1381–1383. The Plaintiff's claimed disability arose from leg and back problems he allegedly sustained while working under insured status. Both applications were initially denied on July 17, 1990, and, again, upon reconsideration on October 19, 1990. No further review was sought.

On May 7, 1992, Girard, again, filed concurrent applications for disability insurance and SSI benefits based on his leg and back conditions. Those applications alleged that Girard's disability had begun on October 12, 1986, and sought benefits retroactive to that time. Both applications were again denied both initially and upon reconsideration.

On March 30, 1993, Girard requested a hearing before an administrative law judge to challenge the Secretary's decision not to reopen his 1990 claim. An evidentiary hearing was conducted on January 27, 1994. At the inception of the hearing, the ALJ expressed the opinion that the disability insurance application was *res judicata*, having already been decided on the same issues but agreed to hear what the claimant had to say. Claimant's counsel disputed the application of *res judicata* contending that the facts were different and that the claimant was not afforded a hearing on his prior application.

At the January 1994 hearing, Girard and his son testified about Girard's physical condition. They described his symptoms which began in 1986 and worsened in 1990 and some of the treatment Girard had received over the years. In addition, a vocational expert described Girard's vocational skills and how his physical condition limited his capacity to work. Various medical reports were made part of the record including a physical capacities evaluation form completed by Jacques Bonnet–Eymard, M.D., on January 17, 1994, which assessed Girard's ability to perform certain kinds of physical activities when Dr. Bonnet–Eymard examined Girard on June 14, 1990.

On February 11, 1994, the ALJ refused to reopen the 1990 case and rendered a decision dismissing the request for a hearing with respect to the disability claim on grounds of *"res judicata* and administrative finality." However, the ALJ found that Girard was

entitled to SSI benefits as of May 7, 1992, the date of his second application.

In this appeal, Girard challenges that portion of the decision denying the application for disability insurance benefits. He has not contested the determination that his SSI benefits should be calculated from May 7, 1992. The Commissioner has moved to dismiss the appeal for lack of subject matter jurisdiction, contending that the ALJ's decision not to reopen the 1990 disability insurance case is not reviewable. Girard objected and filed a cross motion for summary judgment claiming that the ALJ erred in failing to reopen plaintiff's concurrent 1990 applications and that the ALJ constructively reopened Girard's original claim by permitting the plaintiff and his son to testify about the claimant's daily activities, functional restrictions, medications and pain. The plaintiff asserts that this review was more than cursory and that the ALJ reopened his claim *de facto*.

The Magistrate concluded that the ALJ constructively reopened the 1990 disability insurance application by considering evidence regarding the plaintiff's physical condition during the period preceding the claimant's original application. Accordingly, he recommended denial of the Commissioner's motion to dismiss without reaching the question of whether the doctrine of *res judicata* bars the 1992 claim. The Magistrate further recommended that the case be remanded to the ALJ for a determination of the 1990 disability insurance claim. Finally, the Magistrate recommended that Girard's motion for summary judgment be denied because the ALJ did not make a fact specific determination of the claimant's eligibility for benefits under his 1990 claims.

### Discussion

When a final decision is made with respect to a Social Security claim, the doctrine of *res judicata*, ordinarily, bars the claimant from filing a later application reasserting the same claim. 20 C.F.R. § 404.957(c)(1). However, the Commissioner has discretion to reopen the previous claim for any reason within 12 months of the date of notice of the initial determination; or, for good cause after one year but within 4 years. 20 C.F.R. § 404.988.

The Commissioner's determination that a claim is barred on *res judicata* grounds is subject to review by the District Court but the District Court lacks jurisdiction to review the denial of a request to reopen a previously decided case because such a denial is not a "final decision" within the meaning of 42 U.S.C. § 405. *Califano v. Sanders*, 430 U.S. 99, 107–108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). *See also Coates v. Bowen*, 875 F.2d 97, 100 (7th Cir.1989) (prohibition against judicial review applies even when abuse of discretion is alleged). If a case is reopened, the Commissioner's decision is reviewable to the same extent as if it were a new claim. *Malave v. Sullivan*, 777 F.Supp. 247, 252 (S.D.N.Y.1991).

There are two ways in which a case may be reopened. The ALJ may make an express determination pursuant to 20 C.F.R. § 404.988 that the case should be reopened or the ALJ may "constructively" reopen the case by reconsidering the prior claim on its merits. *Robertson v. Sullivan*, 979 F.2d 623, 625 (8th Cir.1992); *Cleaton v. Secretary, Department of Health & Human Services*, 815 F.2d 295, 298 (4th Cir.1987); *McGowen v. Harris*, 666 F.2d 60, 65–66 (4th Cir.1981); *Taylor for Peck v. Heckler*, 738 F.2d 1112, 1114–15 (10th Cir.1984).

A prior disability claim is not deemed to have been reconsidered on the merits merely because the evidence reviewed by the ALJ included evidence of the claimant's condition at the time of the previous application. An ALJ "is entitled to consider evidence from a prior denial for the limited purpose of reviewing the preliminary facts or cumulative medical history necessary to determine whether the claimant was disabled at the time of his second application." *Frustaglia v. Secretary of Health and Human Services*, 829 F.2d 192, 193 (1st Cir.1987). Indeed, § 423(d)(5)(B) requires the ALJ to "consider all evidence available in such individual's case record." *See McGowen*, 666 F.2d at 67. Furthermore, it may be necessary to consider evidence regarding the claimant's condition at the time of the previ-

ous denial in order to determine whether the second claim is the "same" as the first claim for *res judicata* purposes. If simply reviewing evidence relating to a previous claim is viewed as a reconsideration on the merits, the previous case would be constructively reopened virtually every time a successive claim is filed. *See McGowen,* 666 F.2d at 67–68. That would create what has been described as a "quintessential Catch–22" situation because "[e]very time a claimant petitioned the agency to reopen an old claim based on newly submitted evidence, the agency would be faced with a choice: Looking at the evidence to determine if it really is new and material, thereby risking a whole new round of appeals, or blindly denying the petition so as to avoid judicial review." *Morris v. Sullivan,* 897 F.2d 553, 559 (D.C.Cir. 1990).

▮ Similarly, a claim is not deemed to have been reconsidered on the merits solely because the ALJ reviewed new evidence of the claimant's condition at the time of the previously denied application. Such review may be necessary to determine whether there is "good cause" to reopen. *See Id.* Thus, the mere fact that new evidence is considered does not amount to a constructive reopening particularly when the ALJ expressly refuses to reopen. *See McGowen,* 666 F.2d at 67–68.

▮ In this case, the ALJ dismissed the request for a hearing on the disability insurance claim on grounds of *"res judicata* and administrative finality."  In addition, he specifically rejected the contention that "the claimant has come forward with 'new and material' evidence to establish 'good cause' to reopen and revise the prior determinations on the prior applications for disability insurance benefits and Supplemental Security Income filed on March 21, 1990."

As the ALJ noted, evidence relating to a claimant's condition at the time of a previously decided disability insurance claim is regarded as "new" only if it was not considered in connection with the previous claim and the claimant demonstrates that it was not available at that time. Here, the only medical evidence presented to the ALJ that arguably was "new" was Dr. Bonnet–Eymard's assess-

ment of the plaintiff's physical capacity. That assessment was prepared on January 27, 1994, but related to a physical examination conducted by Dr. Bonnet–Eymard on June 14, 1990. No explanation was provided as to why that evidence was not presented in connection with the first application. Moreover, the ALJ made it clear that he did not consider that evidence to be material. He attached little weight to the evaluation because it was based solely on the claimant's subjective complaints made during the course of a single examination conducted four years before the assessment was made. Accordingly, the ALJ found that "there is no new and material evidence to establish 'good cause' to reopen or revise the prior determination dated October 19, 1990, which has become administratively final" and dismissed the request for a hearing on the 1992 disability insurance claim.

*After* making that decision, the ALJ did review medical evidence regarding Girard's condition at the time of the previous application in order to determine "whether the claimant was under a 'disability,' for purposes of his *current Supplemental Security Income application filed on May 7, 1992 "* (emphasis added).  After doing so, he found Girard to be " 'disabled' since May 7, 1992." However, there is no indication that the ALJ reconsidered the previous denial of *disability* insurance benefits or that he purported to determine whether Girard was disabled *before* May 7, 1992. On the contrary, as already noted, the ALJ specifically refused to reopen the 1990 disability insurance case.

In short, the record establishes that the ALJ expressly refused to reopen the 1990 disability insurance case and did nothing that could be construed as a reconsideration of that case on the merits. It further establishes that, insofar as the disability insurance claim was concerned, the ALJ's review of the medical evidence was very limited and was confined to determining whether any of that evidence was "new and material."  Finally, the record establishes that any observations the ALJ made about the claimant's physical condition at the time of the previous applications were made in the context of determining whether the claimant was disabled for

*SSI* purposes as of *May 7, 1992*, the date of his second application.

### Conclusion

For all of the foregoing reasons, the Commissioner's objection to the Magistrate's Recommendation is sustained and the case is remanded to the Magistrate for a further Report and Recommendation regarding whether the doctrine of *res judicata* was correctly applied to the May 7, 1992, application for disability insurance.

IT IS SO ORDERED.