Salvador QUILES, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. No. 85–0284 (JAF).

United States District Court,
D. Puerto Rico.

Dec. 18, 1985.

Torres & Santiago, Cristina Muñoz-Gandara, San Juan, Puerto Rico, for plaintiff.

Wanda Rubianes Collazo, Asst. U.S. Atty., Hato Rey, Puerto Rico, for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

This case requires us to decide whether to remand to the Secretary of Health and Human Services ("Secretary") for reconsideration of a final decision denying a period of disability and disability insurance benefits pursuant to recently-promulgated regulations. *See* 50 Federal Register 35,065 (1985) (to be codified at 20 C.F.R. § 404 subpt. P app. 1), in light of 42 U.S.C.A. § 421 (West Supp.1985) (note).

The Moratorium on Mental Impairment Reviews, section 5 of the Social Security Disability Benefits Reform Act of 1984 ("Reform Act"), Pub.L. No. 98–460, 98 Stat. 1794, 1801–02, is a remedial provision designed to insure a realistic assessment of the ability of those mentally impaired to engage in substantial gainful activity. Said section prescribes a two-tier approach to be used in any disability determination regarding mental impairments. The first tier, paragraph (b)(1) and clause two of paragraph (c)(1), includes only termination of benefits cases. Thus, it presupposes a prior finding of mental disability.[1] Under paragraph (b)(1), if the case falls under any one of two categories ((A) or (B)), the Secretary cannot review a previous finding of mental disability until August 28, 1985.[2] The two categories are clearly spelled out in subparagraph (A) and (B) of paragraph (b)(1). Paragraph (b)(1) does not apply, however, in cases of fraud or where the individual is engaging in substantial gainful activity. Section 5(b)(2).

Clause two of paragraph (c)(1) comes into play only when paragraph (b)(1) applies and there has been a determination[3] of no disability of an individual *previously* found to be mentally disabled. If these criteria are established, the Secretary "shall" review the case in light of the revised regulations. The court, therefore, should remand a tier one case.

Tier two, i.e., clause one of paragraph (c)(1), applies *only* to those persons found throughout the administrative process *not* mentally disabled (denial of benefits cases). Thus, if an individual has been found initially, on reconsideration, or after hearing, not mentally disabled between October 10, 1984 and prior to August 28, 1985, the Secretary "shall" revise that determination under the new criteria.[4] Section 5(c)(1) cl. 1.

Paragraph (c)(3) is a "catch-all" provision for those who were diligent in reapplying for benefits under Title II or Title XVI. This provision is intended for the mentally impaired who were denied benefits (tier two), or had their benefits terminated (tier one) between March 1, 1981 and October 9, 1985. H.R.Rep. No. 98–618, 98th Cong.2d Sess. 1, 15–16, *reprinted in,* 1984 U.S.Code Cong. & Ad.News 3038, 3052–53. If these persons have reapplied for benefits on or before October 9, 1985 (one year after the enactment of the Act), that case *must* be re-opened by the Secretary.

After examining the whole record, this Court finds good cause, 42 U.S.C. § 405(g), to remand for the Secretary to reconsider whether plaintiff is entitled to disability benefits according to the new mental impairment regulations.

---

**1.** The first tier encompasses a situation where a plaintiff is actually receiving benefits, and those benefits are later terminated. Given the remedial objectives of section 5, we construe the first tier as also including a case where an individual has a claim to benefits as a result of a favorable administrative decision, and that decision is subsequently reversed by the Secretary. In this sense, his benefits have been "terminated".

**2.** This is the date of publication of the new regulations.

**3.** This "determination" can be made at the reconsideration, hearing, Appeals Council or judicial review stages.

**4.** The Reform Act was enacted on October 9, 1984.

This case falls squarely within tier-two. Salvador Quiles was denied disability benefits throughout the administrative process (Tr. 3, 9–15, 41, 44). As to his claim of a mental impairment, the Administrative Law Judge ("ALJ") concluded on July 27, 1984 that plaintiff's depressive disorder was at worst moderate, and, therefore, non-disabling (Tr. 13). On October 31, 1984, the Appeals Council adopted the ALJ's decision becoming the Secretary's final action (Tr. 3). The Secretary's decision falls between the statutory period of October 10, 1984 and August 28, 1985. Section 5(c)(1) cl. 1. Accordingly, the Secretary must reconsider its decision in light of the new criteria. This case is hereby VACATED AND REMANDED.

IT IS SO ORDERED.