Jose A. TORRES, Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 87–1656.

United States Court of Appeals,
First Circuit.

Submitted Jan. 8, 1988.

Decided May 6, 1988.

Aurelio Saliva Mattei, Ponce, P.R., on brief, for plaintiff, appellant.

Donald H. Romano, Office of the Gen. Counsel, Social Sec. Div., Dept. of Health and Human Services, Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., Donald A. Gonya, Chief Counsel for Social Sec., Randolph W. Gaines, Deputy Chief Counsel for Social Sec. Litigation, and A. George Lowe, Chief, Disability Litigation Branch, Baltimore, Md., on brief, for defendant, appellee.

Before BOWNES, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

█ Jose A. Torres brought this action challenging the decision of the Secretary of Health and Human Services denying him social security disability benefits. The district court granted the Secretary's motion

to dismiss, stating that it lacked subject matter jurisdiction[1] to review an agency decision not to reopen, on administrative res judicata grounds, a prior final decision. The merits of Torres' disability claim is not before us. We affirm.

I

Torres claims that a variety of physical impairments and a mental condition have prevented him from working since 1973. In 1975, he was found to be disabled and received benefits until January 1982 when, pursuant to an eligibility review, they were discontinued due to a finding of medical improvement. On May 19, 1983, after a hearing, a second administrative law judge (ALJ) held that the claimant's disability had ceased but found that Torres had severe inflammatory joint disease of the left shoulder with atrophied left shoulder muscles which caused mild to moderate pain, and that he also suffered from a urinary tract infection. The ALJ concluded that Torres could not perform his past work but could perform light work which accommodated his inability to use left arm controls. The Appeals Council upheld the decision and the district court affirmed on March 28, 1984. No further review was sought.

In July 1985, the claimant reapplied for disability benefits, again alleging a 1973 onset date. The denial of the current application at the initial and reconsideration stage was based upon the failure to show any new facts about his condition before the expiration of his insured status on March 31, 1983, and because the facts and

---

1. The Secretary's motion to dismiss could be viewed as one under Fed.R.Civ.P. 12(b)(1) or 12(b)(6), the ground asserted in the motion. It was accompanied by an affidavit and supporting exhibits from the administrative record. The claimant filed an opposition to the motion to dismiss without any additional record documentation. We treat the Secretary's motion as one seeking summary judgment and, accordingly, the district court's ruling as a summary judgment. Fed.R.Civ.P. 12(b)(6). While we agree that the better practice for the Secretary is to routinely file the entire administrative record, cf. McGowen v. Harris, 666 F.2d 60, 66 (4th Cir.1981), the claimant had the opportunity to challenge the completeness of the record and submit opposing evidence from the agency's

record. See Milton v. Harris, 616 F.2d 968, 975–76 (7th Cir.1980); Fed.R.Civ.P. 56(e). In social security disability cases, summary judgment procedure is not an invitation to the claimant to contradict the contents of that record or to introduce new or additional evidence. Ayala v. Secretary of Health, Education and Welfare, 51 F.R.D. 505, (D.P.R.1971). We conclude that the limited record before the district court here was sufficient to decide whether the Secretary's application of administrative res judicata and refusal to reopen the prior termination of benefits deprived that court of jurisdiction to engage in judicial review under 42 U.S.C. § 405(g). We review the grant of summary judgment de novo.

issues presented were considered and addressed in the prior determination.

A hearing was held before a third ALJ, who issued a decision on April 21, 1986 which dismissed the claimant's request for a hearing on administrative res judicata grounds pursuant to 20 C.F.R. § 404.957(c)(1). The ALJ also treated the reapplication as an implied request to revise the May 19, 1983 termination decision of the second ALJ and found no good cause to reopen that determination. The Appeals Council denied review and the claimant sought review in the district court under 42 U.S.C. § 405(g).

On appeal, the claimant argues that the district court should not have dismissed his complaint because the ALJ had in fact reopened the earlier claim, held a hearing, and rendered a hearing decision which is entitled to judicial review under 42 U.S.C. § 405(g).

In the alternative, Torres contends that the Secretary was wrong not to reopen his prior termination case and apply the medical improvement test established by the Social Security Disability Benefits Reform Act of 1984 (the Reform Act), Pub.L. No. 98–460, § 2(a), (codified at 42 U.S.C. § 423(f)), and, in the same vein, that the Secretary failed to apply the revised criteria for mental impairments set out in § 5 of the Reform Act.

## II

Since Torres' insured status expired on March 31, 1983, he had the burden to show that his disability existed prior to that date. *Cruz Rivera v. Secretary of Health and Human Services*, 818 F.2d 96, 97 (1st Cir. 1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 903, 93 L.Ed.2d 854 (1987). The subsequent May 19, 1983 decision of the second ALJ that the claimant's disability had ceased adjudicated the period up to May 20, 1983. Consequently, the current application is an implied request to reopen that May 1983 decision.[2]

Reopenings are permitted for "good cause", 20 C.F.R. § 404.988(b), if new and material evidence is presented. 20 C.F.R. § 404.989(a)(1). The ALJ here found no evidence to warrant changing the prior termination decision and stated that the bulk of the claimant's "new" evidence postdates the insured status period.[3] After reviewing the entire record, the ALJ stated that the earlier May 1983 determination was not to be reopened.

■ Absent a colorable constitutional claim not present here, a district court does not have jurisdiction to review the Secretary's discretionary decision not to reopen an earlier adjudication. *Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977); *Dudley v. Secretary of Health and Human Services*, 816 F.2d 792, 795 (1st Cir.1987); *Dvareckas v. Secretary of Health and Human Services*, 804 F.2d 770, 771 (1st Cir.1986); *Matos v. Secretary of Health, Education and Welfare*, 581 F.2d 282, 285 (1st Cir.1978). Similarly, a dismissal of a hearing request on res judicata grounds, where the current claim has the same factual basis as the earlier decision, is not reviewable. *Matos v. Secretary of Health and Human Services*, 581 F.2d at 286; *Adames v. Califano*, 552 F.2d 1, 2 (1st Cir.1977).

The claimant argues that the ALJ held a hearing, heard testimony, considered the new evidence and issued a "hearing decision", even though it was denominated an "order of dismissal." Only if there was *de facto*, a "hearing" within the meaning of 42 U.S.C. § 405(g), would judicial review be authorized. The ALJ here found that the prior decision of the Secretary was final and specifically declined to reopen. He ruled that the current claim was barred by administrative res judicata, concluding that it involved the same parties, facts and issues as the previous decision. The merits

---

2. The claimant has never argued, here or below, that the current application is a different claim than the one previously adjudicated, and he has expressly characterized the 1985 application as a request to reopen. (Appellant's Brief at 4–5).

3. The exhibit list for the April 15, 1986 hearing shows that most of the new medical evidence submitted was dated 1985 and 1986.

of that decision were not reconsidered to any extent. The ALJ's one and one half page decision does not summarize the testimony or the evidence and does not discuss the sequential evaluation process set out in 20 C.F.R. § 404.1520. In sum, there are no indications that the earlier termination of benefits case was reopened. The ALJ was entitled to make a threshold inquiry and review the evidence presented by the claimant in order to resolve the reopening issue. *Underwood v. Bowen*, 807 F.2d 141, 143 (8th Cir.1986); *McGowan v. Harris*, 666 F.2d 60, 67 (4th Cir.1981). "A purely discretionary hearing such as that held here for purposes of receiving allegedly new and material evidence is not a hearing within the meaning of § 405(g)." *Rios v. Secretary of Health, Education, and Welfare*, 614 F.2d 25, 26 (1st Cir.1980). *See also Doe v. Secretary of Health and Human Services*, 744 F.2d 3, 4 (1st Cir.1984).

### III

■ Torres also contends that the Secretary should have reopened and reconsidered his termination case under the medical improvement test set out in § 2 of the 1984 Reform Act. Under the terms of § 2(d)(2)(A), however, the new medical improvement standard only applies prospectively to review determinations by the Secretary made after the Reform Act's enactment on October 9, 1984. The termination decision here became final before that date and was affirmed by the district court on March 28, 1984. Since subsequent review was not sought, no request for judicial review was pending which would implicate the exceptions stated in § 2(d)(2)(C) and (D). Section 2 of the Reform Act does not authorize reopenings and does not provide an independent jurisdictional basis to review the Secretary's refusal to reopen a prior final decision. *Richardson v. Bowen*, 807 F.2d 444, 446–47 (5th Cir.1987).

Finally, Torres argues that the revised criteria for mental impairments developed pursuant to the mandate of § 5 of the Reform Act entitle him to a redetermination of the prior unfavorable decision. Section 5 treats initial determinations differently than prior disability awards coming under a continuing eligibility review (CER). Because Torres sought to reopen his termination case, for purposes of analysis, his is a CER case. Section 5(b)(1) and clause two of § 5(c)(1) describe the Secretary's obligation to retroactively apply the new mental impairment regulations when the claimant was previously found to be disabled "by reason of a mental impairment" and is reviewed for continuing eligibility. *See Lichter v. Bowen*, 814 F.2d 430, 432 (7th Cir.1987). Section 5(c)(3) entitles individuals "with a mental impairment" who were denied benefits, either in an initial determination or a termination case, when the denial occurred between March 1, 1981 and October 9, 1984, to reapply for benefits if they do so within one year of the date of enactment. The language of these sections indicate that they apply when the Secretary is reviewing a prior finding of mental disability, *id.* at 432; *Quiles v. Secretary of Health and Human Services*, 624 F.Supp. 909, 910 (D.P.R.1985), or a prior determination which involved evidence of a mental impairment.[4] *See also* H.Conf.Rep. No. 98–1039, 98th Cong., 2d Sess. 23, 30, *reprinted in 1984* U.S.Code Cong. & Admin. News 3038, 3080, 3087.

■ Nothing in the record before us indicates that the award of benefits in 1975 was based in whole or in part upon a mental disability. The May 1983 termination decision of the second ALJ contains no discussion of evidence or findings of fact on the question of any mental impairment. The claimant's only evidence of an alleged mental condition is a 1986 report by Torres' psychologist. That report was offered by Torres in support of his current request to reopen the termination case. In the April 1986 dismissal, the ALJ found that report not relevant to the period when the claimant was insured for disability purposes. Subsequently, the Appeals Council deter-

---

**4.** In *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), the Supreme Court stated in dictum that § 5(c) of the 1984 Reform Act provides "that any person who had sought benefits *based on a mental impair-* *ment* and who was found to be not disabled on or after March 1, 1981, could reapply to the Secretary and be reevaluated under these new standards." *Id.* at 486, n. 14, 106 S.Ct. at 2033, n. 14. (emphasis added).

mined that "the provisions of Pub.L. No. 98–460 do not apply to this case because the evidence of mental impairment does not relate to the period prior to the previous final decision of the Secretary."

We conclude that the claimant never alleged a mental impairment prior to his current application filed in July 1985, and he makes no argument to the contrary. Nor has the claimant pointed out or provided specific facts or documentation from the administrative record showing that the issue arose in any prior proceeding. *See* Fed.R.Civ.P. 56(e). Since the record is devoid of any relevant earlier claim of mental disability, the revised criteria for mental impairments are inapplicable to his case.[5]

### IV

Based upon the record presented, the district court could conclude that the Secretary had not in fact reopened the earlier termination of benefits case, and that res judicata was properly applied. The dismissal of the complaint for lack of jurisdiction is

AFFIRMED.

---

**5.** Torres also argues that § 3 (evaluation of pain) and § 4 (multiple impairments) of the Reform Act apply to his case. These claims present no constitutional challenge to the reopening denial, and constitute another unavailing attempt to establish entitlement to benefits. *Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977).