Lynch v. HHS                          CV-94-80-B      2/17/95
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE

Virginia Lynch

v.                                    Civil No. 94-80-B

Donna E. Shalala, Secretary of
Health and Human Services

                          **O R D E R**

     Virginia Lynch challenges the Secretary of Health and Human

Services' denial of her application for Social Security

disability benefits.  Lynch contends that her claim should be

remanded to the Secretary because new and material evidence has

come to light.  In the alternative, she argues that the decision

of the Administrative Law Judge must be reversed because the

ALJ's finding that she was not disabled before the expiration of

her insured status is not supported by substantial evidence.  For

the following reasons, I deny both of Lynch's motions.

                          **BACKGROUND**

     Lynch suffers from a mental impairment described as bipolar

illness, depressed type; mixed traits (developmental disorders);

mild severity of psychosocial stressors; and poor global

assessment of functioning.[1]  Her medications included

_____

     [1]  Dr. Alexander Vuckovic, her physician from 1986 until
late 1992, also diagnosed Lynch with schizoaffective disorder

neuroleptics, lithium carbonate (mood stabilizer), and Desipramine (antidepressant). She also experiences lengthy periods of symptom remission, although such periods are unpredictable.

Lynch applied for disability insurance benefits on October 27, 1992, alleging an inability to work since December 31, 1973, due to her mental impairment. Her initial application and requests for reconsideration were denied. Thereafter, on September 22, 1993, an Administrative Law Judge considered the matter de novo. The ALJ issued a decision finding that Lynch was not disabled at any time before the expiration of her period of insured status on March 31, 1976, and was therefore not entitled to disability benefits. Specifically, the ALJ, applying the five step sequential evaluation outlined in 20 C.F.R. § 404.1520 (1993), found that during the relevant period, Lynch suffered from a severe impairment, although the impairment did not meet or equal any of the listed impairments. Noting that Lynch lacked any past relevant work experience, the ALJ concluded at Step 5 in the sequential analysis that despite her severe impairment she

which is a subtype of schizophrenia.
    Dr. Phillip Sullivan, Lynch's current treating physician, concurred in the diagnosis of bipolar disorder, but also opined that Lynch suffered from mood congruent psychotic features.

was capable of performing other jobs that existed in the national economy in significant numbers.

The Appeals Council denied Lynch's request for review on January 27, 1994. The matter is now before me on her motion for remand and, in the alternative, for reversal.

## DISCUSSION

### A. New Evidence as Grounds for Remand

Lynch contends that she is entitled to a remand under § 405(g) because there exists good cause why new and material evidence, her medical records from Newport Naval Hospital, were not presented at the original proceeding.[2] The government argues against remand, citing the plain language of the statute as well as the nonmateriality of the medical records.[3] Pursuant to 42

---

[2] Lynch also submitted a letter from Dr. Vuckovic as a supplement to her memorandum in support of her motion. She has made no showing with respect to this evidence as to whether it is new or material, and has not articulated any reason as to why it was not presented to the ALJ for his consideration. Thus, I find that she has failed to meet her burden for a § 405(g) remand on the basis of this piece of additional evidence.

[3] I reject the government's argument with respect to the plain language of the statute. The government fails to take account of the second clause of sentence six which states in pertinent part: "[the court] may at any time order additional evidence to be presented before the Secretary," upon a showing of

3

U.S.C.A. § 405(g) (West Supp. 1994), a district court "may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is no good cause for the failure to incorporate such evidence into the record in a prior proceeding...." The statute, therefore, imposes three requirements before a district court may remand a case to the Secretary to obtain additional evidence: (1) newness, (2) materiality, and (3) good cause. <u>Evangelista v. Secretary of Health & Human Servs.</u>, 826 F.2d 136, 139 (1st Cir. 1987).

The moving party bears the burden of establishing that these three requirements have been met. <u>Id.</u>. Consequently, "[t]the party seeking the remand must present to the court the evidence it hopes to submit in the administrative proceeding should remand be granted or at least a general showing of the nature of the evidence." <u>Falu v. Secretary of Health and Human Servs.</u>, 703

_____

newness, materiality, and good cause. 42 U.S.C.A. § 405(g) (West Supp. 1994) (emphasis added). Thus, while the government is correct that the Secretary may request remand before answering to hear additional evidence, it ignores the fact that there is an alternative basis for remand when good cause is shown as to why new and material evidence was not presented.

The government also makes an argument that the plaintiff has failed to meet the requirements for reopening her application. While this may be true, Lynch is not asking the court to reopen her application. Therefore I decline to address this issue.

4

F.2d 24, 27 (1st Cir. 1983) (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)). Irrespective of whether the medical records are sufficiently new[4] or whether good cause[5] is shown as to why they were not produced at the original proceeding, Lynch's motion to remand fails because the medical records are not material.

Evidence is material in this context when it is necessary to afford the claimant a fair hearing because the ALJ's decision "might reasonably have been different" if the evidence had been considered. Evangelista, 826 F.2d at 140 (quoting Falu, 703 F.2d at 27). The medical records at issue show that Lynch was admitted to Newport Naval Hospital October 4, 1970, and was released two days later. The records indicate that she attempted suicide by ingesting a large quantity of sleeping pills. In addition, the records note that she had several "slash" marks on her elbows and forearms. Lynch asserts that there is no question

---

[4] Additional evidence is sufficiently "new" if it is not cumulative or merely a reinterpretation of information previously presented to the ALJ. Evangelista, 826 F.2d at 139 - 40; Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).

[5] Good cause is shown where the claimant provides a legally sufficient reason for not presenting the new evidence at the prior proceeding. Evangelista, 826 F.2d at 139.

as to the materiality of this evidence and that it shows "multiple, serious, suicide attempts prior to her date of last insured."

The evidence before the ALJ established that Lynch was hospitalized after an attempted suicide in 1974 and then not again until 1986. Her treating physician at the time of the 1974 incident, Dr. Hans Standow, referred to the suicide attempt as vague, with a superficial cut to the wrist. After treatment with antidepressant medication and psychotherapy, Lynch improved quickly and no longer complained of depression in August 1974. Her husband also testified that from 1974 through 1982, they had several children and Lynch was stable and did not seek treatment during that time.

There were no medical records introduced indicating that Lynch sought and/or received treatment between the 1974 hospitalization and her second hospitalization nearly ten years after she lost her insured status. The new evidence offered by Lynch does nothing to fill this gap as it relates to a period prior to the 1974 hospitalization and her alleged onset date. See Heggarty, 947 F.2d at 997. The new evidence is too attenuated and limited to support the conclusion that the ALJ's decision might reasonably have been different had he known of the

1970 incident.  Thus, I reject Lunch's claim that the new evidence is material and warrants remand to the Secretary.

## B. Review of the ALJ's Decision

Lynch also argues that the decision of the ALJ is not supported by substantial evidence in the record as a whole and therefore reversal of his decision is warranted.  She contends that the objective and subjective facts, coupled with the medical evidence, do not support the ALJ's determination that she was not disabled.  In particular she states that the ALJ gave too much weight to Dr. Standow's opinion because it misrepresented the severity of the 1974 incident.  Furthermore, the ALJ should have given more credence to the opinion of Dr. Sullivan, her present treating physician.  I disagree.[6]

---

[6] Lynch contends that both the objective and subjective evidence do not support the ALJ's decision.  With respect to the objective evidence, she argues that I should consider the new evidence she has brought forth in reviewing the ALJ's decision.  However, district courts review such appeals "on the administrative record, without taking new evidence." Evangelista, 826 F.2d at 143; accord Torres v. Secretary of Health & Human Servs., 845 F.2d 1136, 1137 n.1 (1st Cir. 1988).  Thus, I will only consider the evidence presented to the ALJ in the original proceeding.

She also contends that "[t]he subjective evidence is that she remained severely mentally ill but her symptoms were not necessarily acute until she has very dramatic psychotic episodes which required treatment."  This is not inconsistent or contradictory with the ALJ's conclusion that she was capable of

Pursuant to 42 U.S.C.A. § 405(g), the court is empowered to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary...." In reviewing a Social Security decision, factual findings of the Secretary "shall be conclusive if supported by 'substantial evidence.'" Ortiz v. Secretary of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting 42 U.S.C.A. § 405(g)). Thus, the court must "'uphold the Secretary's findings ... if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Secretary's] conclusion.'" Id. (quoting Rodriguez v. Secretary of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). The findings of the Secretary are conclusive if supported by substantial evidence and should be upheld even in those cases in which the reviewing court, had it heard the same evidence de novo, might have found otherwise. Lizotte v. Secretary of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981).

At Step Five in the sequential evaluation process, the Secretary has the burden of showing that, despite the severity of

_____

engaging in substantial gainful activity during the relevant period. Thus, while I acknowledge this evidence, I find that it supports, rather than refutes the ALJ's decision.

the claimant's impairment and inability to return to past relevant work, he or she retains the residual functional capacity to perform other occupations that exist in significant numbers in the national economy and region where the claimant lives. 20 C.F.R. § 404.1520(f); see also Heggarty, 947 F.2d at 995. The ALJ's determination at Step 5 that Lynch, in light of her residual functional capacity to perform work at a medium exertion level, was not disabled, is supported by substantial evidence in the record.

There was limited medical evidence detailing Lynch's treatment during the relevant period. Dr. Standow's opinion after treating her for eight months with medication and psychotherapy was that she recovered quickly and no longer appeared depressed. The ALJ noted that the opinion of Dr. Standow was consistent with the testimony of Lynch's husband who stated that his wife's condition was relatively stable through 1982. In addition, reports in the record indicated that Lynch maintained an active lifestyle including caring for her children, maintaining her household, and teaching religious education. The hypothetical posed to the vocational expert by the ALJ accounted for a woman in her early twenties who was stabilized on medication, with a residual functional capacity for at least

9

medium work, and who could perform one to two step operations with a limitation for low stress. The vocational expert indicated that there were significant numbers of relevant jobs in both the national and local economies in and around 1975. Thus, I find that the ALJ's determination that Lynch was not disabled at Step 5 in the sequential evaluation, is supported by substantial record evidence.

Lynch also contends that the ALJ gave excessive weight to Dr. Standow's opinion and should have given more weight to Dr. Sullivan's opinion, regarding her capacity to engage in gainful activity. The regulations, however, give the ALJ wide discretion in weighing the evaluations of treating physicians. See 20 C.F.R. § 404.1527(d). It is firmly established that the ALJ is not required to accept the conclusions of any particular physician on the ultimate issue of disability. See Arroyo v. Secretary of Health & Human Servs., 932 F.2d 82, 89 (1st Cir. 1991) (per curiam).

The ALJ stated in pertinent part:

[T]he reports from Dr. Standow specifically indicate that the claimant was capable of handling gainful employment....The undersigned is also aware of the opinions of Drs. Sullivan and Vuckovic. Although Dr. Sullivan opined that the claimant had disabling symptoms dating back to 1969, he specifically indicated that he initiated treatment with the claimant in January of 1993 and stressed that his opinion was being made without any

10

documentation from the claimant's prior care-givers or her past history. Dr. Sullivan's opinion concerning the claimant's symptomology during the period of December 31, 1973 through March 31, 1976 is clearly in contradiction with the claimant's treating source during that time, Dr. Standow. Accordingly, greater weight has been given to Dr. Standow's first hand observations than to the retroactive opinions of disability made by Dr. Sullivan.

The regulations clearly state that the more support a medical opinion is shown to possess the more weight the ALJ may give that opinion. 20 C.F.R. § 404.1527(d)(3). Dr. Sullivan's opinion concerning the claimant's ability to engage in gainful employment during the relevant period is lacking in support and therefore, under the regulations, the ALJ was clearly entitled to give it less weight in his determination.

Moreover, it is the Secretary's responsibility to "determine issues of credibility and to draw inferences from the record evidence," and "the resolution of conflicts in the evidence is for the Secretary, not the courts." Ortiz, 955 F.2d at 769 (citing Rodriguez, 647 F.2d at 222)). Thus, Lynch's contention that the ALJ erred in crediting Dr. Standow and not Dr. Sullivan is without merit.

11

## CONCLUSION

For the foregoing reasons, I deny plaintiff's motion to reverse the ALJ's decision or in the alternative to remand (document no. 7).


SO ORDERED.


_____
Paul Barbadoro
United States District Judge

February 17, 1995

cc:  Marc W. MacDonald, Esq.
     David L Broderick, AUSA