Robbins v. SSA                    CV-97-186-M    12/19/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Albin P. Robbins, Sr.,
     Plaintiff,

     v.                                    Civil No. 97-186-M

Commissioner,
Social Security Administration,
     Defendant.


**O R D E R**


Pursuant to 42 U.S.C. § 405(g) of the Social Security Act, plaintiff Albin P. Robbins, Sr., appeals a final decision of the Social Security Administration denying his claim for disability benefits.  Presently before the court is the Commissioner's motion to dismiss the complaint for lack of subject matter jurisdiction, see Rule 12(b)(1), Fed. R. Civ. P., and for failure to state a claim upon which relief can be granted, see Rule 12(b)(6), Fed. R. Civ. P.


**BACKGROUND**

The claimant has filed numerous applications for disability and Supplemental Security Income (SSI) benefits, almost all of which derive from the same medical condition.

On February 25, 1991, Robbins filed his first application for disability insurance benefits under Title II of the Social Security Act, claiming that he had been disabled and unable to work since November 13, 1990 due to "back and heart problems".

Robbins' initial application for disability benefits was denied on May 14, 1991. The examiner stated that claimant was disabled as the result of back surgery but that it was expected that claimant would be able to return to light work within 12 months of the alleged onset date of November 12, 1990. The examiner wrote that if claimant's condition did not improve as expected that he should write, call or visit any social security office. In addition, the examiner determined from a recent stress test that claimant's alleged heart problems were not severe.[1]

The claimant did not seek reconsideration. Instead, he filed a second application for disability benefits on July 30, 1992, again claiming that he had been disabled since November 13, 1990. The second application was denied on August 5, 1992, on grounds that the information the claimant had submitted showed no change in his health before March 31, 1991. It does not appear that the claimant sought reconsideration.

After being contacted by the district office of the SSA, the claimant filed an application for Supplemental Security Income (SSI) benefits on August 26, 1992. In support thereof, claimant submitted an evaluation performed by Howard E. Pratt, M.D., who opined that plaintiff could walk a maximum of 50 feet at a time, could sit only five to eight minutes at a time, and, because of pain, could not lift anything heavier than a cup of coffee.

_____

[1] The claimant's date last insured (DLI) was determined to be March 31, 1991, meaning that in order to qualify for benefits plaintiff needed to be disabled prior to said date.

2

The claimant's SSI claim was denied on November 9, 1992 on grounds that his condition was not severe enough to keep him from working. The Commissioner concluded that plaintiff's application should be denied because the evidence showed that plaintiff's condition was about the same as when he was denied in May of 1991.

The Commissioner goes on to explain that a recent orthopedic examination and spinal x-ray indicate only a minor limitation in claimant's range-of-motion. Therefore, the Commissioner concluded that claimant's condition was "not severe enough to keep [him] from performing light exertional work that would allow [him] to move about as needed." Although the Commissioner determined that the claimant was unable to perform his previous job as a truck driver, the claimant was referred to Vocational Rehabilitation Services in order to help him retrain for lighter types of work that were within his physical capabilities.

Over a year later, the claimant filed a second application for SSI on February 22, 1994, this time claiming loss of vision. The SSA treated the application as being both for SSI and for "Social Security benefits", which the court assumes refers to disability benefits under Title II. A month later, the claimant retained the services of Attorney Thomas F. McCue. In a notice received by McCue on June 17, 1994, plaintiff's application for SSI was granted but the claim for disability benefits (by this time, plaintiff's third claim) was denied. The notice further

stated that the claimant had the right to appeal the decision if he disagreed.

On August 9, 1994, the claimant, through his attorney, filed a request for reconsideration of the denial of his third application for disability benefits. By letter dated August 15, 1994, the SSA informed plaintiff's attorney that the request for reconsideration was inappropriate because (1) a signed application was never received and therefore plaintiff's claim was never processed (plaintiff contends, apparently correctly, that this statement is factually erroneous), and (2) even if his claim had been processed it would have been denied for res judicata reasons.

Plaintiff then filed a <u>fourth</u> application for disability benefits on September 2, 1994, claiming that he had been unable to work since October 15, 1989, because of back and heart problems. This application was denied on September 11, 1994, because plaintiff failed to show a change in his health before March 1991. Plaintiff filed a request for reconsideration on October 5, 1994. Two days later, he received a letter from an SSA claims representative who stated that,

> Because the issue is whether the denial under the doctrine of "res judicata" was proper, and there is no substantial medical issue, jurisdiction of the reconsideration is under the Office of Disability Operations, Baltimore, Maryland.

On December 4, 1994, the claims representative contacted the claimant in order to question him about a stroke he had suffered. Over the next nine to ten months, attorney McCue called the claims representative a few times in order to check the status of

4

the motion for reconsideration. Each time he was informed that the claim had not yet been decided by the Office of Disability Operations (ODO) in Baltimore. The ODO rendered a decision on July 21, 1995, but neither the claimant nor McCue received notice of the decision until September 13, 1995.

On November 8, 1995, the claimant requested a hearing before an Administrative Law Judge (ALJ). According to claimant, a hearing before an ALJ was held in Manchester, New Hampshire, on January 19, 1996.

The ALJ issued an order on June 12, 1996, dismissing claimant's request for a hearing. The ALJ concluded that good cause did not exist to reopen the prior decision of May 14, 1991. Although the Social Security regulations permit reopening when new and material evidence is furnished, the ALJ concluded that the evidence was either repetitive of earlier submitted evidence or unrelated to a period of disability. The ALJ also concluded that he must decline claimant's request for a hearing on grounds of res judicata, as the term is defined in 20 C.F.R. § 404.957(c)(1). The ALJ further found that the final determinations made on claimant's applications, filed on July 30, 1992, and February 25, 1991, should not be reopened because there was no apparent error in those determinations. The claimant then filed a request for review by the Appeals Council. After the Appeals Council denied his request for review, the claimant filed the present action in this court.

## DISCUSSION

The Commissioner argues that the June 12, 1996, denial of plaintiff's request for a hearing, was not "a final decision" of the Commissioner made after a hearing, within the meaning of 42 U.S.C. § 405(g)[2], and, as a result, this court lacks jurisdiction over the action.

The SSA regulations permit an ALJ to deny a hearing request on grounds of res judicata when the SSA has previously determined the claimant's rights on the same facts and on the same issues and this previous determination has become "final." See 20 C.F.R. § 404.957(c)(1). In general, a determination becomes final when a claimant does not request further review of an adverse decision within the relevant time period. 20 C.F.R. § 404.987(a). However, a determination may be reopened for any reason within 12 months of the date of the notice of the initial determination, see 20 C.F.R. § 404.988(a), and within four years of that notice if the Commissioner finds "good cause," as defined by § 404.989. See 20 C.F.R. § 988(b).

Unless a constitutional issue has been raised, a federal district court lacks jurisdiction to review the Commissioner's

---

[2] This section of the Social Security Act governs judicial review and provides in relevant part:

> Any individual, after any **final decision** of the Secretary **made after a hearing** to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g) (emphasis added).

6

discretionary decision to not reopen a previous adjudication. See Califano v. Sanders, 430 U.S. 99, 108-109 (1977); Colon v. Secretary, 877 F.2d 148, 152 (1st Cir. 1989); Torres v. Secretary of Health and Human Services, 845 F.2d 1136, 1138 (1st Cir. 1988). Likewise, a federal court does not have jurisdiction to review the Commissioner's decision to deny a hearing request on res judicata grounds "where the current claim has the same factual basis as the earlier decision." Torres, 845 F.2d at 1138.

It is undisputed that the ALJ denied the claimant's request for a hearing on June 12, 1996, and expressly declined to reopen and/or revise any prior decisions in the case. See 20 C.F.R. § 404.988 (describing procedures involved when ALJ expressly reopens a prior decision). The claimant maintains that although the ALJ stated that he would not reopen the case, he nonetheless constructively reopened[3] by reconsidering the prior claim on the merits. See Girard v. Chater, 918 F. Supp. 42, 44 (D.R.I. 1996).

The court of appeals for this circuit has observed that judicial review is authorized (and, presumably, constructive reopening has occurred) only if a de facto "hearing" within the meaning of 42 U.S.C. § 405(g) has been held. See Torres v.

---

[3] The claimant maintains that such reopening occurred on March 3, 1995, but fails to explain, or even identify, the event that led him to conclude that reopening had occurred. It appears that at that time the claimant's motion for reconsideration, filed on October 5, 1994, of the ALJ's denial of his application for benefits under Title II was still pending at the Office of Disability Operations in Baltimore, Maryland, and that the ODO had not yet taken any action.

7

<u>Secretary of Health and Human Servs.</u>, 845 F.2d 1136, 1138 (1st Cir. 1988).  In such hearing, the ALJ must do more than simply hear testimony and consider new evidence:

> The ALJ [is] entitled to make a threshold inquiry and review the evidence presented by the claimant in order to resolve the reopening issue.  A purely discretionary hearing such as that held here for purposes of receiving allegedly new and material evidence is not a hearing within the meaning of § 405(g).

<u>Id.</u> (quotations and citations omitted).  However, reopening is more likely to have occurred if the ALJ reconsiders the merits of the previous determination and/or discusses the sequential evaluation process set out in 20 C.F.R. § 404.1520.  <u>See</u> <u>id.</u> at 1138-1139.

The claimant contends that the ALJ constructively reopened his first application for disability benefits, which was denied on May 14, 1991 in the "first decision".  The court agrees.  The June 12, 1996, decision of the ALJ refers to the first decision and is careful to state that that decision has been left undisturbed.  However, when the substance of the ALJ's decision is considered, it is plain that he substantially revised the content of the first decision.  The first decision concluded that the claimant was "currently disabled from [his] back surgery" (and rejected the claimant's claim solely because it appeared unlikely that his condition would last for the required 12 months), but the subsequent decision ignores that conclusion and appears to require the claimant to produce evidence that he was disabled prior to May of 1991.  Furthermore, while the first decision provided that the claimant should inform a social

8

security office if his condition did not improve as expected, the subsequent decision declines to consider medical evidence submitted by the claimant relating to his condition in September of 1992.

Given that the ALJ constructively reopened the case, this court has jurisdiction to review the proceedings below.[4] Accordingly, the court denies defendant's motion to dismiss for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth herein, the court denies defendant's motion to dismiss (document 5).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 19, 1997

cc:   Thomas F. McCue, Esq.
      David L. Broderick, Esq.

---

[4]   For the time being, the court declines to address whether it also has jurisdiction to review the ALJ's decision to apply the doctrine of res judicata.