[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

———————

No. 00-1751

HAROLD DUDLEY,

Plaintiff, Appellant,

v.

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

———————

Before

Boudin, Circuit Judge,
Bownes, Senior Circuit Judge,
and Stahl, Circuit Judge.

———————

Francis M. Jackson on brief for appellant.
Jay P. McCloskey, United States Attorney, Charlotte J. Hardnett, Acting General Counsel, Frank V. Smith, III, Acting Principal Deputy General Counsel, John M. Sacchetti, Associate General Counsel for Program Litigation, and Etzion Brand, Supervisory Attorney, Office of the General Counsel, Social Security Administration, on brief for appellee.

———————

March 16, 2001

———————

**Per Curiam**. Appellant Harold Dudley appeals from the judgment of the district court that it lacked jurisdiction over his (appellant's) appeal from a final decision of the Commissioner of Social Security. The Commissioner's final decision – made by the Appeals Council – was that appellant's application for disability benefits was barred by res judicata. In particular, appellant had filed a prior application, which concerned the same issues and the same time period, and had failed to seek Appeals Council review of the determination of the administrative law judge (ALJ) that appellant was not disabled. Due to appellant's omission, this determination became final and binding.

It is well-settled that the denial of an application for disability benefits based on res judicata is not subject to judicial review. See Torres v. Secretary of Health and Human Services, 845 F.2d 1136, 1138 (1st Cir. 1988) (per curiam); Matos v. Secretary of Health, Education and Welfare, 581 F.2d 282, 285-86 (1st Cir. 1978). Appellant nonetheless raises two arguments in support of finding jurisdiction. His first argument is that where there has been a reopening of the prior application, the Commissioner is estopped from invoking res judicata. This is not availing here because even though the ALJ had decided that the prior application should be reopened, the

Appeals Council nullified this decision. See Tobak v. Apfel, 195 F.3d 183 (3rd Cir. 1999). Thus, as the district court found, there has been no reopening.

Appellant's second argument is based on the exception to the rule of unreviewability where a claimant raises a "colorable" constitutional claim regarding an administrative decision based on res judicata. See Torres, 845 F.2d at 1138; Matos, 581 F.2d at 286 n.6. A common claim, in this context, is that a claimant's mental impairment, and lack of legal representation, prevented him or her from timely pursuing administrative remedies concerning the claimant's prior application. This is the claim appellant raises and the district court rejected it as not "colorable." We agree for essentially the reasons stated in the recommended decision of the magistrate judge, which the district judge adopted. We add only the following comments.

First, even assuming that appellant was unrepresented at the relevant time, he does not dispute the Appeals Council's description of the 1992-1993 treatment notes from the Eastport Health Center. According to the Council, these notes did not mention anything unusual about appellant's mental condition and thus did not support the conclusion that claimant was mentally unable to pursue his administrative remedies during this time. Second, appellant does not point to any medical evidence concerning the specific effects of his depression on his

3

abilities to understand and follow administrative procedures. That is, appellant cites to no evidence that, for instance, he was confused, had a thought disorder or poor intellectual functioning, or was not capable of functioning responsibly. That Drs. DiTullio and Pasternak concluded that appellant was "disabled" is not enough, standing alone, to show that appellant was incapable of comprehending or pursuing his administrative remedies. Cf. Torres v. Secretary of Health, Education, and Welfare, 475 F.2d 466, 468-69 (1st Cir. 1973) (remanding to the Secretary for further proceedings concerning the effect of claimant's mental impairment on his ability to follow his administrative remedies, but noting that the finding that claimant was disabled based on his nerves only meant that claimant was "occupationally disabled" within the meaning of the Social Security Act; "one may be so disabled and yet retain the awareness and mental capacity to understand and pursue one's rights").

Finally, we note that the fact that the Commissioner did not file the entire administrative record below does not require a remand in this case. Appellant cites to no authority requiring such a filing where jurisdiction is contested and the Commissioner does not file an answer. See 42 U.S.C. § 405(g). Our comments in Torres are not to the contrary. See 845 F.2d at 1137 n.1. And, although appellant alluded below to the absence

4

of the complete record, he never filed a motion specifically requesting the district court to order the Commissioner to submit the record. As a result, this objection is not well taken.

The judgment of the district court is <u>affirmed</u>.